IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA PATTERSON,

                          Plaintiff,

        v.                                              1:11-cv-3172-WSD

WMW, INC. d/b/a HONDA
CARLAND,

                          Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Barbara Patterson's ("Plaintiff

or "Patterson") Objections [25] to Magistrate Judge Susan S. Cole's Non-Final

Report and Recommendation ("R&R") [23].  The R&R considers Defendant's

Motion to Dismiss [4] Plaintiff's Complaint [1].

## I.    BACKGROUND[1]

From 2002 to 2009, Plaintiff worked for Defendant WMW, Inc. d/b/a Honda

Carland ("Defendant") as a car sales person.  (Compl. ¶¶ 12-13).  On October 31,

---

[1]  These facts are taken from the R&R and the record.  The parties have not
objected to the facts set out in the R&R, and finding no plain error in the
Magistrate Judge's findings, the Court adopts the facts in the R&R.  See Garvey v.
Vaughn, 993 F.2d 776, 779 n.9 (11th Cir.1993).

2009, Plaintiff was terminated by Defendant for allegedly not meeting her sales quota.  (Id. ¶ 26).  Plaintiff claims that her termination was the result of her refusal to give in to sexually abusive conduct directed at her by her male sales manager and other salespersons.  (Id. ¶ 27).  Plaintiff further claims that this sexually abusive conduct was prevalent during her entire tenure with Defendant.  (Id.).

On March 18, 2010, Plaintiff filled out an Intake Questionnaire with the U.S. Equal Employment Opportunity Commission ("EEOC") [8.1] to report Defendant's alleged unlawful conduct.  Plaintiff attached to her Intake Questionnaire a 5-page letter that she wrote to her attorney[2] detailing her alleged discriminatory treatment.  (R&R at 5).[3]  The Intake Questionnaire listed "sex" and age as the basis for Plaintiff's claim of employment discrimination.  (Id.).  The questionnaire cautioned Plaintiff that "a charge of discrimination must be filed within the time limits imposed by law, generally within 180 days or in some

_____

[2]  "Her attorney was Jonathan A. Parrish, Esq., an attorney with the office of James Lee Ford, P.C.  (See Intake Questionnaire, Doc. 8-1 at 8, 10).  James Ford, Esq. continues to represent Plaintiff in this litigation."  (R&R at 11).

[3]  The Court notes that the pages of Plaintiff's Intake Questionnaire are not numbered and are grouped together with Plaintiff's EEOC charge of discrimination (the "EEOC Charge") as Doc. 8.1.  The Court refers to the actual page number of Doc. 8.1, which is also listed by CM/ECF in the upper right hand corner, when citing to the Intake Questionnaire or the EEOC Charge.

places 300 days of the alleged discrimination." (Id. at 7).  Plaintiff's Intake

Questionnaire was not verified or signed under penalty of perjury.  (Id. at 10).

On April 7, 2010, Plaintiff filed an EEOC Charge with the EEOC [8.1].  In

the EEOC Charge, Plaintiff alleged that she was "discriminated against because of

[her] sex (female) and age (63), in violation of Title VII of the Civil Rights Act of

1964, as amended, and the Age of Discrimination in Employment Act of 1967, as

amended."  (R&R at 12).  Plaintiff signed the EEOC Charge and declared "under

penalty of perjury that the above is true and correct."  (Id.).

On June 23, 2011, the EEOC terminated its investigation of Plaintiff's

EEOC Charge and issued a Notice-of-Right-to-Sue Letter.  On June 24, 2011,

Plaintiff received that letter.  (Id.).

 On September 19, 2011, Plaintiff filed her Complaint.  Plaintiff alleges

three claims for relief: (1) Defendant forced her to work in a sexually hostile work

environment and terminated her on the basis of her sex, in violation of

42 U.S.C. § 1981 (Compl. ¶¶ 28-30); (2) Defendant's conduct violated Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title

VII") (id. ¶¶ 31-36);[4] (3) under Georgia law, Defendant's conduct constitutes intentional infliction of emotional distress ("IIED") (id. ¶¶ 37-42).

On November 18, 2011, Defendant filed its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [4] (the "Motion to Dismiss"). Defendant asserts that: (1) Plaintiff's claim for Title VII sexual harassment is barred because she failed to list a claim for sexual harassment in her EEOC Charge;[5] (2) Plaintiff's claims under 42 U.S.C. § 1981 are untimely; and (3) Plaintiff failed to state a claim for IIED, and, even if she did, that claim is barred by the applicable two-year statute of limitations.

On December 7, 2011, Plaintiff filed a response in opposition to Defendant's Motion to Dismiss [8]. Plaintiff argues that her sexual harassment claim under Title VII arises out of the scope of her EEOC charge of sexual discrimination. Plaintiff further argues that her claims under 42 U.S.C. § 1981 are timely filed because Defendant's continuous wrongful conduct constitutes one unlawful

---

[4] Defendant's Second Claim for Relief includes both a claim arising out of alleged discriminatory termination and a claim arising out of alleged sexual harassment.

[5] Defendant's Motion to Dismiss does not seek dismissal of the part of Plaintiff's Title VII claim arising from discriminatory termination. Accordingly, that part of the Title VII claim is not before the Court.

employment practice that culminated in her October 31, 2009 termination. Finally, Plaintiff argues that her Complaint sufficiently pleads a claim for IIED.

On December 8, 2011, Plaintiff filed her Addendum to her opposition brief [9] asserting that "a claim of discrimination under Title VII has the same proof requirements as a discrimination claim under § 1981."

Also on December 8, 2011, Defendant filed its Supplemental Brief in Support of Motion to Dismiss ("Defendant's Supplemental Brief") [10].  On December 12, 2011, Plaintiff filed her Response to Defendant's Supplemental Brief [11].

On January 11, 2012, Magistrate Judge Cole issued her R&R recommending that Defendant's Motion to Dismiss be granted in part and denied in part.  (R&R at 34).  Judge Cole first found that Plaintiff's sex discrimination claim under 42 U.S.C. § 1981 fails to state a claim because § 1981 applies only to claims of discrimination based on race, not sex.  (Id. at 5).  Judge Cole, therefore, recommends *sua sponte* that the Court dismiss Plaintiff's § 1981 claim.  (Id.) Neither party objects to this recommendation.

Judge Cole next recommends that Plaintiff's sexual harassment claim under Title VII be dismissed because Plaintiff failed to first exhaust her administrative remedies within the EEOC, as required by the statute.  Judge Cole specifically

found that Plaintiff did not include that claim in her EEOC Charge and there was

no evidence otherwise to indicate that Defendant had notice of a "sexual

harassment" claim within the EEOC or that the EEOC investigated such a claim.

(Id.).[6]  Plaintiff objects to this recommendation.

Finally, Judge Cole recommended that Plaintiff's IIED claim not be

dismissed because Plaintiff sufficiently alleged that she suffered severe emotional

distress and the Complaint does not show that the claim is barred by the two-year

statute of limitations.  (Id. at 29, 33).  Neither party objects to this

recommendation.

On June 28, 2012, Plaintiff timely filed objections (the "Pl.'s Obj.") to the

R&R [25].

## II.   DISCUSSION

### A.   Legal Standards

#### 1. Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010);

---

[6]  As noted above, Plaintiff's Title VII discriminatory termination claim is not
before the Court.  Judge Cole did not recommend that that claim be dismissed.
Neither party objects.

Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A

district judge "shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."  28

U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration

to those issues to which specific objection has been made by a party." Jeffrey S.

by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)

(quoting H.R. Rep. No. 94-1609, at 4 (1976), reprinted in 1976 U.S.C.C.A.N.

6162, 6163)).  With respect to those findings and recommendations to which a

party has not asserted objections, the Court must conduct a plain error review of

the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per

curiam).

### 2. *Motion to Dismiss Standard*

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the Court must "assume that the factual allegations in the

complaint are true and give the plaintiff[] the benefit of reasonable factual

inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir.

2010), cert. denied, 132 S. Ct. 245 (2011).  Although reasonable inferences are

made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as

true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir.

2005) (quoting <u>S. Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 408 n.10 (1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true.  <u>See</u> <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010) (construing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570)).  Mere "labels and conclusions" are insufficient.  <u>Twombly</u>, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  <u>Am. Dental</u>, 605 F.3d at 1290 (quoting <u>Iqbal</u>, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  <u>Id.</u> at 1289 (quoting <u>Twombly</u>, 550 U.S. at 570).

B.   <u>Analysis</u>

   *1. Objected-to Findings and Recommendations*

Plaintiff filed an objection to Magistrate Judge Cole's finding that Plaintiff failed to exhaust her Title VII "sexual harassment" claim in the EEOC.  Plaintiff specifically objects to Judge Cole's finding that Plaintiff's EEOC Charge for "sexual discrimination" did not encompass a claim for "sexual harassment." Plaintiff also objects to Judge Cole's finding that Plaintiff's Intake Questionnaire filed with the EEOC should not be considered in this matter.   The Court reviews the Magistrate Judge's recommendation to dismiss Plaintiff's Title VII sexual harassment claim *de novo*.

A potential plaintiff must exhaust her administrative remedies before she may sue for discrimination under Title VII.  <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1317 (11th Cir. 2001).  To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with the EEOC.  <u>Gregory v. Ga. Dep't of Human Res.</u>, 355 F.3d 1277, 1279 (11th Cir. 2004); <u>Wilkerson</u>, 270 F.3d at 1314. The charge of discrimination must "be in writing under oath or affirmation and contain the information in a form the [EEOC] requires."  <u>Id.</u> (quoting 42 U.S.C. § 2000e-5(6) (2006)).  "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged

discriminatory practices to permit it to perform its role in obtaining voluntary

compliance and promoting conciliation efforts."  Gregory, 355 F.3d at 1279

(quoting Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983)).

    A plaintiff may file a civil action only after filing a charge of

discrimination in the EEOC.  The claims asserted in the civil action may "amplify,

clarify, or more clearly focus" the allegations in the EEOC complaint, but claims

based on new acts of discrimination are inappropriate.  Id. at 1279-80 (quoting Wu

v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1983)).  As such, "a 'plaintiff's judicial

complaint is limited by the scope of the EEOC investigation which can reasonably

be expected to grow out of the charge of discrimination.'"  Id. at 1280 (quoting

Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)).

    Magistrate Judge Cole determined that Plaintiff's Title VII claim for sexual

harassment should be dismissed because Plaintiff did not include "sexual

harassment" in her EEOC Charge, and therefore failed to exhaust her

administrative remedies as required by Title VII.  Plaintiff first objects by alleging

that "sexual harassment" is a form of "sexual discrimination."   (Pl.'s Obj. at 4).

    Title VII provides that "[i]t shall be an unlawful employment practice for an

employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise

to discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1) (2006).   As the Eleventh Circuit has explained, "sexual harassment" can constitute "sex discrimination" for purposes of Title VII in limited circumstances.  Specifically, "[s]exual harassment constitutes sex discrimination only when the harassment alters the terms or conditions of employment." Mendoza v. Borden, 195 F.3d 1238, 1245 (11th Cir. 1999).  Thus, contrary to Plaintiff's argument, an allegation of "sex discrimination" does not necessarily encompass sexual harassment.

Here, Judge Cole reviewed Plaintiff's EEOC Charge and correctly concluded that it does not contain allegations of sexual harassment.  Plaintiff's EEOC Charge does not allege any facts that demonstrate that the terms or conditions of her employment were altered by harassment from Defendant. Instead, the EEOC Charge vaguely states that Plaintiff was the subject of sex discrimination in violation of Title VII and that her separation notice indicated that she was terminated for failing to meet her sales goals.  (Doc. 8.1, EEOC Charge at 3).  Thus, the Court finds that Plaintiff did not exhaust her sexual harassment claim

because her EEOC Charge failed to include that claim or allege facts

demonstrating that the terms of her employment were altered.[7]

### 2.  *The Intake Questionnaire*

In the R&R, Judge Cole determined that Plaintiff's Intake Questionnaire

should not be taken into account in determining whether Plaintiff exhausted her

sexual harassment claim.  (R&R at 19).  Plaintiff objects.  (Pl.'s Obj. at 9-13).

---

[7]  Plaintiff further objects to Magistrate Judge Cole's determination that her claim
for sexual harassment should be dismissed on the grounds that it is inconsistent
with the remedial goals of Title VII.  (Pl.'s Obj. at 5).  Plaintiff relies heavily on
Gregory to illustrate that the Eleventh Circuit has held that the scope of an EEOC
complaint should not be strictly interpreted and that procedural technicalities
should not bar claims brought under the Act.  (Id.).  Plaintiff's argument in her
objection based on Gregory is new.  In reviewing a magistrate judge's report and
recommendation, the court does not consider objections based on arguments not
raised before the magistrate judge.  See Williams v. McNeil, 557 F.3d 1287, 1292
(11th Cir. 2009).  Even if the Court considers Plaintiff's new argument, the Court
would overrule Plaintiff's objection and find that Judge Cole's determination is
consistent with the remedial goals of Title VII.  As detailed above, the exhaustion
requirement of Title VII requires that an employee bring a proper EEOC charge
detailing her claim in order to provide notice to the employer and initiate the
EEOC investigation in the matter.  Wilkerson, 270 F.3d at 1319.  This protects the
Act's remedial goals by ensuring a proper EEOC investigation of a plaintiff's
alleged charges.  Plaintiff did not exhaust the administrative remedies of her sexual
harassment claim because she did not list the claim on her EEOC Charge.  (Doc.
8.1, EEOC Charge at 3).  Therefore, the Court finds that Judge Cole's
determination is consistent with the remedial goals of Title VII.

As a general matter an intake questionnaire is not intended to function as a charge.  Bost v. Fed. Express Corp., 372 F.3d 1233, 1240-41 (11th Cir. 2004) (holding that a plaintiff's intake questionnaire, which was filed along with an affidavit, did not satisfy the requirements of a timely charge); Pijnenburg v. W. Ga. Health Sys., 255 F.3d 1304, 1305 (11th Cir. 2001).  There are no exceptions to that rule if the EEOC charge is unverified.  Wilkerson, 270 F.3d at 1318.  An intake questionnaire is unverified if it is not "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury."  Id. at 1317 (quoting 29 C.F.R. § 1601.3(a) (2000)).

Here, Plaintiff's Intake Questionnaire is unverified because she did not swear to or affirm before a notary public, designated representative of the Commission, or other person duly authorized by law that the facts stated in her Intake Questionnaire are correct.  (See Intake Questionnaire, Doc. 8-1 at 10).

Further, even if the Intake Questionnaire was verified, there is no evidence that EEOC personnel considered the information in the questionnaire or that Plaintiff's employer was put on notice of the information contained in the questionnaire.  Finally, the questionnaire form itself does not suggest that it was a

charge.  As Judge Cole highlighted, "the EEOC's instructions for filling out the Intake Questionnaire states that, '[f]illing out and bringing us or sending us this questionnaire does not mean that you have filed a charge.'"  (R&R at 20).  As such, the Court finds that Judge Cole correctly found that circumstances of this case did not support taking Plaintiff's Intake Questionnaire account.  Accordingly, the Court must grant Defendant's Motion to Dismiss on Plaintiff's sexual harassment claim.

### 3.  Unobjected-to Findings and Recommendations

The parties did not object to the Judge's Cole's factual findings or recommendation to dismiss Plaintiff's 42 U.S.C. § 1981 sex discrimination claim and recommendation to allow Plaintiff's IIED claim to proceed.  Accordingly, the Court reviews those findings for plain error.

The Court agrees with Judge Cole's finding that Defendant has failed to state claim on which relief can be granted under 42 U.S.C. § 1981 because that statute was enacted to prevent discrimination based on race, not sex.  See Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1305-06 n.16 (N.D. Ga. 2009).  As such, the Court adopts Judge Cole's recommendation and dismisses Plaintiff's § 1981 claim for sexual harassment.

14

The Court also agrees with the Judge Cole's recommendation not to dismiss Plaintiff's IIED claim.  At this stage of litigation, the record does not establish that Plaintiff's IIED claim is time barred by the two-year statute of limitation. Additionally, Plaintiff has alleged facts, which at this stage of litigation must be taken as true, that state a claim for severe emotional distress.  Therefore, the recommendation is adopted and Defendant's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress is denied.

III.    **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Susan S. Cole's Non-Final Report and Recommendation [23] is **ADOPTED** and Plaintiff's Objections [25] to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Dismiss [4] is **GRANTED IN PART and DENIED IN PART**.  Defendant's motion to dismiss is **GRANTED** with respect to Plaintiff's Title VII sexual harassment claim (part of the Second Claim for Relief); **DENIED** with respect to Plaintiff's discriminatory termination claim under Title VII (part of the Second Claim for Relief); **GRANTED** with respect to Plaintiff's 42 U.S.C. § 1981 sex

discrimination claim (First Claim for Relief); and, **DENIED** with respect to

Plaintiff's intentional infliction of emotional distress claim (Third Claim for

Relief).

 

       **SO ORDERED** this 8th day of August, 2012.


                _____

                WILLIAM S. DUFFEY, JR.

                UNITED STATES DISTRICT JUDGE